IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| DORIS LOWERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: _____ |
| | ) |
| CHATTANOOGA BAKERY, INC.; and | ) JURY DEMANDED |
| TERRY HUMPHREY, individually | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, DORIS LOWERY, by and through her attorneys, alleges for her Complaint as follows:

### I. INTRODUCTION

1. Plaintiff brings this action against CHATTANOOGA BAKERY, INC. and TERRY HUMPHREY, individually, for legal relief to redress unlawful violations of Plaintiff's rights under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

### II. THE PARTIES

**A. THE PLAINTIFF**

2. Plaintiff, DORIS LOWERY, currently resides in Red Bank, Tennessee and is a citizen of the United States.

**B. THE DEFENDANT**

3. Defendants, CHATTANOOGA BAKERY, INC. is an employer who, at times relevant hereto, was located within the Eastern District of Tennessee where it employed Plaintiff. The

1

Defendant, TERRY HUMPHREY, is an individual who resides within Hamilton County and the jurisdictional limits of this Court. Defendant Humphrey acts as a human resources manager at CHATTANOOGA BAKERY, INC. and performed in a decision-making role with respect to the denial of reasonable accommodations to the Plaintiff and the continued refusal to return her to active work (i.e. a functional "discharge.").

4. The Defendants are bound by the law and regulations concerning the ADA.

### III. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction). The Plaintiff filed a charge of discrimination with the EEOC on or about June 24, 2011, she received a notice of suit rights dated March 27, 2012, and has now filed this action within the requisite ninety days. Accordingly, she has exhausted administrative prerequisites under ADA.

6. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)-(c). Defendants conduct business or may be found within the Court's jurisdictional limits, and the claims at issue arose within the Court's jurisdictional limits.

### ADAAA CLAIMS

**7**. CHATTANOOGA BAKERY, INC. (CBI) employed Plaintiff since 1998 as an hourly worker in its factory.

8. Plaintiff has a "disability," as that term of art is defined by the ADAAA, owing to the impairment of systemic lupus erythematosus. That impairment, and the mitigating measure of the steroid medication it requires (Plaintiff is "steroid dependent"), substantially limits Plaintiff in the major life activities of sleeping and working. More specifically, Plaintiff must take her

medication at consistent temporal points to maintain normal sleep cycles and, if she does not take the medication when she first awakens, may experience negative health problems.

9. In April of 2011, Defendants removed Plaintiff from her first shift job to a third shift janitorial position. Thus, the third shift schedule was incompatible with Plaintiff's disability and deleterious to Plaintiff's health, not to mention the demeaning nature of the janitorial job duties themselves.

10. In response, on or about April 15, 2011, Plaintiff, through her workers compensation lawyer, requested a reasonable accommodation of shift change back to the first shift. The ADA was cited.

11. Additionally, in May of 2011, Plaintiff provided a written explanation, from her physician, of the need for this shift change accommodation. This written explanation gave the diagnosis, the medication, and the medical reason for the accommodation of first shift work. Defendants received and read the request.

12. Nonetheless, Defendants have denied, and continue to deny, Plaintiff a first shift job.

13. Instead, Defendants have placed Plaintiff on what it euphemistically calls a "medical leave," first being FMLA leave and, later, an unpaid medical leave.

14. It has now been more than a year since Plaintiff actively worked. The so-called "unpaid medical leave" is the functional equivalent of a layoff or a discharge, only it is actually worse for Plaintiff, because:

    A. Plaintiff receives no pay;

    B. Plaintiff enjoys no active work;

    C. Plaintiff may not receive unemployment because Defendant contends she is still "employed" but medically unable to work; and

D. Plaintiff has, at times, experienced severe suffering including no financial ability to care for herself, weight loss to the point of being under 100 lbs., and no end in reasonable sight.

15. Defendants have unreasonably rebuffed all of Plaintiff's attempts to return to work with reasonable accommodations (acting in bad faith with respect to the interactive process) which includes, to wit:

1. Quarreling with her doctor's restrictions;

2. Claiming her medical restrictions bar a return;

3. Offering her positions which do not meet her accommodation needs;

4. Attempting to change the doctor's opinion of the accommodation needed;

5. Claiming jobs do not exist;

6. Magnifying essential functions to deny Plaintiff a return;

7. Refusing to accept her release to return to work;

8. Abusing the process for a medical fitness examination through an overbroad and invasive examination;

9. Construing medical notes in a manner to preclude Plaintiff's return, not help her; and

10. Discharging her by just leaving her off work with no pay under the guise of "medical leave."

**COUNT II: RETALIATORY DISCHARGE FOR WORKERS COMPENSATION**

16. Defendant's unreasonableness in the interactive process, and its removal of Plaintiff from its active workforce, also has been motivated by the fact that Plaintiff has brought, and is still in court, for a workers compensation claim against the company for upper extremity injury. While

workers compensation is a "no fault" system in Tennessee, Defendants now view Plaintiff adversarially due to her workers compensation lawsuit.

17. Defendant has been informed of Plaintiff's financial and emotional suffering.

18. The actions of leaving Plaintiff on an indefinite "unpaid medical leave" amount to a "constructive discharge," given the degree of Plaintiff's suffering, the length of the suffering, the continued denial of active employment, no wages, and the emotional harm she has endured and continues to endure. It has been substantially motivated by her action in bringing a workers compensation claim.

## V. CAUSES OF ACTION

19. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-18 herein.

20. Plaintiff brings the following claims against Defendant CBI:

    A. Denial of reasonable accommodation under the ADA;

    B. Discharge in violation of the ADA;

    C. Retaliation for requesting a reasonable accommodation; and

    D. Retaliatory discharge for pursuing a workers compensation claim.

21. Plaintiff brings the following claims against Defendant Terry Humphrey, individually:

    A. Denial of reasonable accommodation under the ADA;

    B. Discharge in violation of the ADA; and

    C. Retaliation for requesting a reasonable accommodation.

## PRAYER FOR RELIEF

22. WHEREFORE, the Plaintiff prays for the following relief:

A. Reinstatement with reasonable accommodation, with court monitoring of that process;

B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus prejudgment interest;

C. Any actual monetary loss sustained by the Plaintiff;

D. Compensatory damages for emotional harm, suffering, humiliation, and embarrassment, along with punitive damages;

E. Punitive damages;

F. Reasonable attorneys' fees;

G. The costs and expenses of this action;

H. Such other legal and equitable relief to which Plaintiff may be entitled; and

I. Plaintiff further demands a Jury to try this cause.

Respectfully submitted,

**GILBERT RUSSELL McWHERTER PLC**

/s Justin S. Gilbert
Justin S. Gilbert (TN Bar No. 017079)
Republic Centre
633 Chestnut St, Suite 600
Chattanooga, TN 37450
Telephone: 423-499-3044
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jonathan L. Bobbitt (TN Bar No. 23515)
Jessica F. Salonus (TN Bar No. 28158)
101 North Highland Ave.
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com
jsalonus@gilbertfirm.com